1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11   ALLSTATE INSURANCE                    Case No.:  19cv1402-JM-AGS
     COMPANY, *an Illinois*
12   *Corporation,*                        **REPORT AND**
                                           **RECOMMENDATION GRANTING**
13                         Plaintiff,      **JOINT MOTION FOR APPROVAL**
                                           **OF MINOR'S COMPROMISE**
14   v.
                                           **[ECF No. 22]**
15   DOE 1; DOE 2; DOE 3, *a minor,*
     *through his guardian ad litem*; and
16   JANE DOE, *a minor, through her*
     *guardian ad litem JOHN DOE*
17
                          Defendants.
18

19

20

21

22        This Report and Recommendation is submitted to United States

23   District Judge Jeffrey T. Miller pursuant to 28 U.S.C. § 636(b)(1) and Local

24   Civil Rule 72.1(c) of the United States District Court for the Southern

25   District of California.  For the reasons set forth herein, the Court

26   **RECOMMENDS** the parties' Joint Motion for Approval of Minor's

1  Compromise be **GRANTED**.

## I.    FACTUAL BACKGROUND

3  Allstate Insurance Company ("Plaintiff") brought this Declaratory
4  Relief and Reimbursement Action in this Court to determine its obligations
5  to defend and indemnify Does 1, 2, and 3 in an underlying state court action
6  in San Diego Superior Court (the "Underlying Action").  (ECF No. 22 at 2).
7  The Underlying Action arose from an alleged assault of Jane Doe, a minor,
8  on February 23, 2018 at the residence of Does 1, 2, and 3.  (ECF No. 30 at 2).
9  Jane Doe alleged that the parents (Doe 1 and Doe 2) of a minor (Doe 3) were
10  negligent in their supervision, allowing a sexual assault to occur at their
11  home against Jane Doe.  (ECF No. 22 at 2).  Specifically, Jane Doe alleged
12  that she was awakened at 3:00 a.m. by Doe 3 sexually assaulting and raping
13  her.  (ECF No. 22 at 6).  She alleged that Doe 1 and Doe 2 failed to provide
14  proper care for her after she informed them of the incident.  (*Id.*).

15  Through her *Guardian ad Litem*, John Doe, Jane Doe brought claims
16  against Doe 3 for sexual assault and battery, intentional infliction of
17  emotional distress, and negligence, and against Doe 1 and Doe 2 for
18  negligence and statutory parental liability for willful misconduct of a minor
19  under California Civil Code Section 1714.1.  (ECF No. 1 at 4).  She alleged
20  that as a result of the incident, she suffers from "extreme depression, Post-
21  traumatic stress disorder, overwhelming amounts of anxiety, panic attacks,
22  nightmares, attempts and thoughts of suicide, fear of people and going
23  outside, physical disgust in self and extreme lack of self-confidence, lack of
24  trust in people and loved ones, paranoia and delusions that everyone is out
25  to get and/or hurt her."  (ECF No. 22 at 6).  Additionally, she was admitted
26  for inpatient psychological treatment due to suicidal thoughts and had to

1   withdraw from school.  (*Id.*).

2       Plaintiff insured Does 1, 2, and 3 and agreed to pay for their defense in

3   the Underlying Action, subject to a reservation of rights.  (ECF No. 30 at 1).

4   Allstate alleged that it owed no duty to defend Doe 1, Doe 2, and/or Doe 3 in

5   the Underlying Action because the policy excludes coverage for intentional

6   and/or criminal acts and because Insurance Code section 533 precludes

7   coverage for "willful" acts.  (ECF No. 1 at 7).

8       The proposed settlement for Jane Doe is $100,000, with $25,000 being

9   directed to Jane Doe's counsel for his work.  (ECF No. 22 at 2).  Plaintiff

10  agreed to pay $42,000 of the settlement payment, and Does 1, 2, and 3

11  agreed to pay $58,000.  (ECF No. 30 at 2).  No costs were retained, nor were

12  there any medical liens asserted.  (ECF No. 22 at 2).  Jane Doe, therefore,

13  would receive a net settlement of $75,000.

14  ## II.   RELEVANT PROCEDURAL HISTORY

15      On July 29, 2019, Plaintiffs filed a complaint against Defendants for

16  declaratory relief and reimbursement regarding *Jane Doe v. DOES 1, 2, & 3*,

17  Case No. 37-2018-00061160-CU-NP-NC, the Underlying Action.  (ECF No.

18  1).  At a Continued Early Neutral Evaluation Conference held before

19  Magistrate Judge Andrew G. Schopler on January 10, 2020, both this case

20  and the Underlying Action were settled.  (ECF No. 30 at 2).  Though Jane

21  Doe has since turned eighteen, this settlement agreement was made

22  contingent upon court approval of the minor's compromise in both the

23  Underlying Action and this Declaratory Relief Action.  (ECF No. 30 at 3); *see,*

24  *e.g., Anthem Life Ins. Co. v. Olquin,* No. 1:06-CV-1165 GSA, 2008 WL

25  1366103 (E.D. Cal. Apr. 9, 2008) (requiring minor's compromise where minor

26  turned eighteen following the settlement agreement, but prior to

19cv1402-JM-AGS

1    adjudication of the minor's compromise).

2    On September 25, 2020, Superior Court Judge Timothy M. Casserly

3    issued an order approving the compromise as to the Underlying Action.

4    (ECF No. 22 at 20-23).  On October 28, 2020, the parties filed a joint motion

5    with this Court for approval of the minor's settlement.  (ECF No. 22).  In

6    light of Judge Schopler's involvement in the settlement discussions at the

7    Early Neutral Evaluation Conferences, the matter was referred to United

8    States Magistrate Judge Mitchell D. Dembin for Report and

9    Recommendation.  (ECF No. 23).  On December 1, 2020, the parties provided

10   supplemental information as directed by this Court.  (ECF No. 30).  The

11   parties request the Court approve a settlement providing Jane Doe with a

12   sum of $100,000, with $25,000 of that sum to be retained by her counsel as

13   fees. (ECF No. 22 at 2).

14   ### III.   LEGAL STANDARD

15   Pursuant to Federal Rule of Civil Procedure 17(c), district courts have a

16   special duty to safeguard the interests of litigants who are minors.  *See*

17   *Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011); Fed. R. Civ. P.

18   17(c).  Rule 17(c) provides, in relevant part, that a district court "must

19   appoint a guardian ad litem—or issue another appropriate order—to protect

20   a minor or incompetent person who is unrepresented in an action."  Fed. R.

21   Civ. P. 17(c).  Accordingly, under Civil Local Rule 17.1, a court order or

22   judgment is required for any action in which a minor has an interest to be

23   settled, compromised, voluntarily discontinued, dismissed or terminated.

24   Civ. L.R. 17.1(a).

25   This special duty requires district courts to "conduct [their] own

26   inquiry to determine whether the settlement serves the best interests of the

19cv1402-JM-AGS

1  minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also*

2  *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  The district

3  court considers "whether the net amount distributed to each minor plaintiff

4  in the settlement is fair and reasonable in light of the facts of the case, the

5  minor's specific claim, and recovery in similar cases . . . without regard to the

6  proportion of the total settlement value designated for adult co-plaintiffs or

7  plaintiff's counsel...." *Robidoux*, 638 F.3d at 1182.

8       The *Robidoux* court expressly limited its holding to evaluation of a

9  minor's federal claims and did "not express a view on the proper approach for

10  a federal court to use when sitting in diversity and approving the settlement

11  of a minor's [or incompetent's] state law claims." *Id.* at 1179 n.2.  District

12  courts are split on whether the *Robidoux* standard applies to the evaluation

13  of a minor's compromise regarding state law claims.  Some district courts

14  have simply applied the *Robidoux* standard when exercising diversity

15  jurisdiction over state law claims, finding it persuasive in that "it provides a

16  framework for evaluating the reasonableness and fairness of Plaintiff's

17  settlement." *DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 3:17-CV-

18  0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); *see also*

19  *Mugglebee v. Allstate Ins. Co.*, No. 14-CV-2474 JLS (JMA), 2018 WL

20  1410718, at *2 (S.D. Cal. Mar. 21, 2018) ("District courts, however, have

21  found *Robidoux* applicable in state law claims.").

22       Other district courts have reviewed settlements of state law claims

23  "with an eye towards the state standard, which focuses on the 'best interests

24  of the minor,'" yet still also applied the *Robidoux* standard to ensure

25  consideration of all potentially relevant factors.  *Doe v. Lincoln Military*

26  *Prop. Mgmt. LP*, No. 320CV00224GPCAHG, 2020 WL 5587488, at *4 (S.D.

1   Cal. Sept. 18, 2020), *report and recommendation adopted*, No.

2   320CV00224GPCAHG, 2020 WL 5810168 (S.D. Cal. Sept. 30, 2020).  Still

3   others limit their analysis to California state law.  *See e.g., Del. Life Ins. Co.*

4   *v. Moore*, No. 18cv944-L (MSB), 2019 U.S. Dist. LEXIS 27968, at *8 (S.D.

5   Cal. Feb. 21, 2019); *Primerica Life Ins. Co. v. Cassie*, 2013 U.S. Dist. LEXIS

6   56707, at *3 (E.D. Cal. Apr. 18, 2013).

## IV.   DISCUSSION

8   The underlying claims and resulting settlement before this court are

9   based solely on state substantive law.  The settlement agreement at issue

10  has already been approved in state court; therefore, this Court finds

11  application of the *Robidoux* standard to be sufficient in further ensuring the

12  reasonableness and fairness of the minor's settlement.

13  To determine whether the net recovery of a minor's settlement is in the

14  best interests of the minor, a district court should look to "the facts of the

15  case, the minor's specific claim, and recovery in similar cases." *Robidoux*,

16  638 F.3d at 1182.  This Court has carefully reviewed the facts of the case and

17  the minor's specific claims.  The parties have not identified any similar cases

18  to support the approval of this minor's compromise.  The Court has reviewed

19  recoveries received in other similar actions to the extent feasible, given that

20  the terms of such settlements are often kept confidential.  *See, e.g., Doe No.*

21  *59 v. Santa Rosa City Sch.*, No. 3:16-cv-01256-WHO, 2017 U.S. Dist. LEXIS

22  125422 (N.D. Cal. Aug. 8, 2017) (keeping terms of the settlement confidential

23  where court granted petition for minor's compromise regarding the alleged

24  sexual assault of fifteen-year-old girl who was then diagnosed with post-

25  traumatic stress disorder, and suffered ongoing physical, psychological, and

26  emotional injuries).

1    Further, the parties explain that this matter has been "heavily argued

2  and contested at two separate Early Neutral Evaluation Conferences." (ECF

3  No. 22 at 2).  In their joint supplemental brief regarding this minor's

4  compromise, they elaborate that the proposed settlement "reflects a

5  recognition that DOES 1, 2, and 3 were sued over an alleged sexual assault

6  upon a minor girl, and that Allstate's complaint for declaratory relief raised

7  plausible reasons why it potentially owed no coverage obligations

8  whatsoever." (ECF No. 30 at 2-3).

9    The settlement agreement provides that the respective payments by

10  Plaintiff and Does 1, 2, and 3 were to be made by February 29, 2020 and held

11  in escrow pending the approval of the minor's compromise by this Court and

12  the state court presiding over the Underlying Action.  (ECF No. 30 at 3).

13  Additionally, Jane Doe agreed to file a Request for Dismissal of the

14  Underlying Action in its entirety with prejudice, and Plaintiff agreed to file a

15  Stipulation of Dismissal of this case in its entirety with prejudice.  (*Id.*).

16  Upon review of these terms of settlement and in consideration of the net

17  amount of $75,000 which is to be recovered by Jane Doe, the Court finds that

18  this compromise is fair, reasonable, and in her best interest.

19                        **V.    CONCLUSION**

20    For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that

21  the District Court issue an Order: (1) Approving and Adopting this Report

22  and Recommendation; and (2) **GRANTING** the parties' Joint Motion for

23  Approval of Minor's Compromise.

24    **IT IS HEREBY ORDERED** that any written objections to this Report

25  must be filed with the Court and served on all parties no later than

26  **December 24, 2020**.  The document should be captioned "Objections to

1  Report and Recommendation."

2      **IT IS FURTHER ORDERED** that any reply to the objection shall be

3  filed with the Court and served on all parties no later than **December 31,**

4  **2020**.  The parties are advised that the failure to file objections within the

5  specified time may waive the right to raise those objections on appeal of the

6  Court's order.  *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998).

7      **IT IS SO ORDERED.**

8  Dated:   December 10, 2020

9

10                                    Hon. Mitchell D. Dembin
                                      United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26